**PHUA SHUN WU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–0456–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2007.

Michael Brown, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney; Fred T. Hinrichs, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. WALKER, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Phua Shun Wu, a native and citizen of the People's Republic of China, seeks review of a January 24, 2006 order of the BIA affirming the July 21, 2004 decision of Immigration Judge ("IJ") Sandy Hom denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Phua Shun Wu,* No. A 79 630 033 (B.I.A. Jan. 24, 2006), *aff'g* No. A 79 630 033 (Immig. Ct. N.Y. City July 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–41 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Overall, substantial evidence supports the BIA's and IJ's adverse credibility determinations. The IJ accurately identified an inconsistency between Wu's testimony on direct-examination that the authorities detained him in July 2001, and his testimony on cross-examination that the authorities detained him in October 2001. Fur-

thermore, the IJ appropriately rejected Wu's explanation for the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). The IJ also reasonably found it implausible that the authorities did not require Wu's mother and sister to turn in his father. The IJ properly declined to credit Wu's explanation—that he, not his mother or sister, had actively supported his father's practice of Falun Gong. *Id.*

Moreover, the BIA and IJ properly relied on a lack of corroboration of Wu's practice of Falun Gong in the United States to support their adverse credibility findings. *See Zhou Yun Zhang*, 386 F.3d at 78. This was relevant to the likelihood that Wu would be subjected to future persecution if returned to his own country, and, therefore, formed a proper basis for the IJ's and BIA's credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307–08 (2d Cir.2003).

Because the only evidence of a threat to Wu's life or freedom depended upon his credibility with respect to his Falun Gong claim, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Lastly, because Wu has failed to sufficiently argue the denial of his CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).